# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                            Case No. 2:24-cv-11626
                                        Hon. Linda V. Parker

WILLIAM ANTHONY SMITH,

       Defendant.

_____/

## DETROIT RIVERFRONT CONSERVANCY, INC.'S
## MOTION TO INTERVENE AS A PLAINTIFF-INTERVENOR

Pursuant to Federal Rules of Civil Procedure 24(a) and (b), proposed Plaintiff-Intervenor Detroit Riverfront Conservancy, Inc. (the "DRFC") respectfully moves to intervene in the above-captioned proceeding. For the reasons set forth in the accompanying brief, the Court should grant the DRFC's intervention as of right or, in the alternative, by permissive intervention, so that the DRFC, the underlying victim of this action, can fully participate in the proceedings.

Pursuant to Local Rule 7.1(a), counsel for the DRFC attempted to confer with Defendant's counsel by email and telephone on July 22, 2024, and July 23, 2024, respectively. In so doing, the DRFC's counsel explained the nature of this motion and its legal basis, requesting Defendant's concurrence to the relief sought herein. The DRFC did not receive a response to either its email or telephone

message, and thus concurrence was not obtained.  Despite its reasonable efforts, the DRFC was therefore unable to conduct a conference with Defendant's counsel.

Counsel for the DRFC conferred with Plaintiff's counsel on July 22, 2024 via email and phone, and Plaintiff has no objection to this motion.

Dated: July 24, 2024

Respectfully submitted,
HONIGMAN LLP

By: */s/ Matthew Schneider*
Matthew Schneider (P62190)
Jalen R. Farmer (P86859)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7000
mschneider@honigman.com
jfarmer@honigman.com

*Attorneys for Proposed Plaintiff-Intervenor Detroit Riverfront Conservancy, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                  Case No. 2:24-cv-11626
                                  Hon. Linda V. Parker

WILLIAM ANTHONY SMITH,

               Defendant.

_____/

**BRIEF IN SUPPORT OF DETROIT**
**RIVERFRONT CONSERVANCY, INC.'S MOTION**
**TO INTERVENE AS A PLAINTIFF-INTERVENOR**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...............................................................................v,vi

STATEMENT OF ISSUES PRESENTED ....................................................... vii

CONTROLLING AND/OR MOST APPROPIATE AUTHORITIES ............... viii

    I.     INTRODUCTION.................................................................................1

    II.    BACKGROUND.................................................................................2

    III.   ARGUMENT .....................................................................................6

        A.  The DRFC is Entitled to Intervene as of Right ..............................7

           1.   The DRFC's Motion to Intervene is Timely ................................8

           2.   The DRFC Has a Substantial Legal Interest in the Case .............9

           3.   The DRFC's Intertest Will be Imparied Without Intervention.......

           ......................................................................................... 10

           4.   The Exisiting Parties May Not Adequately Represent the

        DRFC's Interest.................................................................................11

        B. In the Alternative, the Court Should Grant the DFRC Permissive

        Intervention .........................................................................................13

    IV. CONCLUSION ............................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Attitude Wellness LLC v. Vill. of Pinckney*,
 2021 WL 5370484 (E.D. Mich. Nov. 18, 2021)............................................9, 14

*Blount-Hill v. Zelman*,
 636 F.3d 278 (6th Cir. 2011) ...............................................................................8

*Buck v. Gordon*,
 959 F.3d 219 (6th Cir. 2020) ...............................................................................6

*Davis v. Lifetime Cap., Inc.*,
 560 Fed. App'x. 477 (6th Cir. 2014) ................................................. viii, 8, 9, 10

*Entergy Arkansas, LLC v. Thomas*,
 76 F.4th 1069 (8th Cir. 2023) ............................................................................12

*Grutter v. Bollinger*,
 188 F.3d 394 (6th Cir. 1999) ............................................................. viii, 7, 9, 10

*Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*,
 2012 WL 1598154 (E.D. Mich. May 7, 2012) ....................................................9

*Michigan State AFL-CIO v. Miller*,
 103 F.3d 1240 (6th Cir. 1997) ............................................................. viii, 7, 11

*Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*,
 467 F.3d 999 .......................................................................................................11

*Priorities USA v. Benson*,
 448 F. Supp. 3d 755 (E.D. Mich. 2020) ............................................................13

*Providence Baptist Church v. Hillandale Committee, Ltd.*,
 425 F.3d 309 (6th Cir. 2005) ........................................................................7, 14

*Pub. Int. Legal Found., Inc. v. Winfrey*,
 463 F. Supp. 3d 795 (E.D. Mich. 2020) ............................................................14

*RPM Freight Sys., LLC v. Wesco Ins. Co.*,
    2022 WL 1102707 (E.D. Mich. Apr. 13, 2022) (J., Parker)................................9

*Stupak-Thrall v. Glickman*,
    226 F.3d 467 (6th Cir. 2000) ...............................................................6

*Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula,*
    *Michigan*, 41 F.4th 767 (6th Cir. 2022)............................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24(a)(b)(2)(3) ...............................................................7,13

Federal Rule of Civil Procedure 24 ................................................ viii, 6

Federal Rule of Civil Procedure 24(a)(b)(1).......................................... vii

Federal Rules of Civil Procedure 24(a) and (b)....................................i, 1

Local Rule 7.1(a)(d)(2) ...................................................................... i, vii

Rule 24(a)(b)(c)(1)(2) ...............................................6, 7, 8, 9, 10, 13, 14

## STATEMENT OF THE ISSUES PRESENTED

Pursuant to Local Rule 7.1(d)(2), the issues presented by this motion are:

1. Should the DRFC, the primary victim of this underlying action, be allowed to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(1)?

   **Proposed Plaintiff-Intervenor DRFC's Answer: Yes**

2. In the alternative, should the DRFC be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)?

   **Proposed Plaintiff-Intervenor DRFC's Answer: Yes**

**CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 24

*Davis v. Lifetime Cap., Inc.,* 560 Fed. App'x. 477 (6th Cir. 2014)

*Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999)

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)

# I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 24(a) and (b), proposed Plaintiff-Intervenor Detroit Riverfront Conservancy, Inc. (the "DRFC") moves to intervene in the above-captioned civil action. The DRFC seeks to ensure that its interests are protected and that appropriate remedies are pursued and implemented to preserve Defendant William Smith's ("Smith") assets.

The United States Attorney for the Eastern District of Michigan filed this action pursuant to the Fraud Injunction Statute, 18 U.S.C. § 1345, against Smith seeking injunctive relief to preserve his assets for victim restitution and forfeiture. (ECF No. 1.) The Complaint identifies the DRFC, its donors, and financial partners as victims of Smith's embezzlement and fraudulent scheme, which has defrauded the DRFC of at least $39.3 million. (*Id.* at PageID.36 ¶ 69.)

In addition to filing its Complaint, the United States concurrently filed a motion for a Temporary Restraining Order ("TRO") to freeze Smith's assets (ECF No. 3), because Smith was "actively hiding or dissipating the proceeds of his criminal offenses, already with some success." In granting the TRO motion, the Court found that the United States has a strong likelihood of establishing that the loss of the $39.3 million dollars—and their unavailability for restitution and forfeiture—is a continuing and substantial injury to the DRFC. (ECF No. 5.)

As the direct victim of Smith's alleged unlawful and heinous conduct, and as a party that has sustained continuing and substantial injury, the DRFC timely moves to intervene in this action to assert and protect its rights.  The Court should grant the DRFC's intervention for the reasons described more fully herein.

## II.     FACTUAL BACKGROUND

The DRFC is a non-profit organization with the mission of transforming the City of Detroit's international Riverfront into a beautiful, exciting, safe, and accessible gathering place for all to enjoy.[1]  The DRFC operates, maintains, and develops the Detroit Riverwalk and multiple associated green spaces and urban revitalization corridors throughout the City of Detroit.  Over the past twenty years, the DRFC has completely transformed a five-and-a-half mile stretch of the Detroit Riverfront from the Ambassador Bridge to the Belle Isle Bridge into an award-winning, nationally recognized public space.

Those committed to the renaissance of the Detroit Riverfront received generous donations from businesses, foundations, and individual donors across Michigan who shared their goals.  (ECF No. 1, PageID.8 ¶ 19.)  Today, the DRFC is funded by a combination of public and private funds.  (*Id.*)  Private donors have gifted hundreds of millions of dollars to the DRFC to support its goal of transforming

---

[1]     Vision & Mission, Detroit Riverfront Conservancy, https://detroitriverfront.org/our-story/vision-mission.

the Riverfront. (*Id.*) The DRFC has also received grants from the City of Detroit, County of Wayne, State of Michigan, and the United States Government. (*Id.*)

Defendant Smith began working for the DRFC in 2006 as a financial analyst, where he worked extensively with the DRFC's fiscal accounts. (*Id.* at PageID.9 ¶ 21.) The DRFC promoted Smith to CFO in 2011 to oversee the non-profit's fiscal operations. (*Id.*) As part of his duties, Smith had primary control of the DRFC's Citizens Bank commercial checking account (the "Citizens Account"), which was the DRFC's general operating account. (*Id.* ¶ 22.) Smith also had primary control of the DRFC's Comerica Bank commercial checking account (the "Comerica Account"). (*Id.*) Smith had authority to withdraw funds from Citizens Bank and Comerica Bank accounts by issuing checks and initiating wire transfers for DRFC business operations and transactions. (*Id.*) Smith was entrusted with reporting to the Board on the fiscal health of the DRFC. At least quarterly, Smith presented financial spreadsheets and projections to the Board, the Board's finance committee, and the rest of the DRFC staff, showing the conservancy's income and liabilities.

Prior to and while serving as the CFO of the DRFC, Smith established his own business entities that were wholly separate from the DRFC, the majority of which were unknown to the DRFC or its Board, including William Smith & Associates, LLC and the Joseph Group & Associates, LLC. (*Id.* at PageID.9-10 ¶ 23.) Smith then opened an American Express Business Platinum credit card in his name and in

the name of "W.A. Smith and Assoc." (*Id.* at PageID.11 ¶ 26.) Smith added family members as additional users on that credit card. (*Id.*)

Beginning in at least 2012, Smith transferred funds from the DRFC's primary Citizens Account to the DRFC's secondary Comerica Account. (*Id.* at PageID.24 ¶ 47.) Smith then secretly and fraudulently transferred funds from the Comerica Account to pay his personal expenses on his American Express credit card. (*Id.* at PageID.11-15 ¶¶ 27-32.) Smith also transferred money from the Comerica Account to his personal business entity, The Joseph Group. (*Id.* at PageID.16 ¶ 34.) Smith took complex steps to cover up his theft by forging documents and misrepresenting the scope of his authority to act on the DRFC's behalf. (*Id.* at PageID.20-21 ¶¶ 44-45.)

Smith's brazen fraud from the DRFC followed a pattern. First, Smith wire-transferred funds from the DRFC's Citizens Account to the DRFC's less-used Comerica Account. (*Id.* at PageID.24 ¶ 47.) Second, Smith withdrew funds from the Comerica Account by paying off his personal American Express credit card from that account and by wiring funds to his private business, The Joseph Group. (*Id.* at PageID.11-15 ¶¶ 27-34.) Third, Smith forged Comerica Bank statements to erase the American Express and personal business transfers and create false entries in their place. (*Id.* at PageID.23 ¶ 51.) He then hand-delivered those statements to the DRFC's accountant and did not let her or other DRFC staff access the online account

information.  (*Id.* at PageID.22 ¶ 48.)  Fourth, Smith went to great lengths to create hundreds of pages of false financial reports and budgets that he presented to the DRFC Board of Directors.  (*Id.* at PageID.23 ¶ 51.)  Fifth, Smith obtained a $5 million line of credit from Citizens Bank to replenish the money he stole from the DRFC's account.  (*Id.* at PageID.20 ¶ 43.)  Smith forged a document purporting to show that he had authority from the DRFC to open that line of credit.  (*Id.* ¶ 44.)

Smith and his family lived a lavish lifestyle with the money Smith stole from the DRFC.  (*Id.* at PageID.7 ¶ 18.)  He used the organization's funds on limousines, hotels, airfare, jewelry, and clothing.  (*Id.* at PageID.11-14 ¶¶ 28-30.)  He made high-end purchases from places such as Gucci, Louis Vuitton, and Diamonds Direct.  (*Id.*)  Between 2012 and 2024, Smith stole at least $39.3 million from the DRFC.  (*Id.* at PageID.37 ¶ 74.)

In April 2024, the DRFC discovered certain financial irregularities connected to Smith's actions and immediately initiated an internal investigation.  (*Id.* at PageID.14 ¶ 31.)  The DRFC placed Smith on administrative leave in May 2024, and, on May 31, 2024, the DRFC fired Smith for cause.  (*Id.* at PageID.2-3 ¶ 5.)  The DRFC worked with the Michigan State Police and the Federal Bureau of Investigation to uncover the extent of Smith's misdeeds.  (*See id.* at PageID.10 ¶ 26; PageID.14 ¶ 31; PageID.16 ¶ 35.)

On June 4, 2024, the United States filed a criminal complaint against Smith under Case No. 24-mc-30217 for alleged violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1344 (Bank Fraud). On June 21, the United States filed a civil complaint in this matter seeking injunctive relief and to freeze Smith's assets to preserve them for restitution to the DRFC. (ECF No. 1.) The Court subsequently granted the United States' TRO motion to freeze Smith's assets. (ECF No. 5.) To date, the Court has not conducted a hearing in this matter and Smith has not filed a responsive pleading.

## III.   ARGUMENT

Federal Rule of Civil Procedure 24 provides various pathways for parties to intervene in a pending case upon a timely motion. At least two paths apply here. *First,* Rule 24(a)(2) allows the DRFC to intervene as of right because the DRFC undisputedly "claims an interest relating to the property or transaction that is the subject of the action," and disposing of the action may impair or impede its abilities to protect its interests. Fed R. Civ. P. 24(a)(2). *Second,* the DRFC satisfies the permissive intervention standard of Rule 24(b)(1)(B) because the DRFC's claim shares a common question of law or fact with the pending action. *Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020).

Whether as a matter of right or permissive, "Rule 24 should be broadly construed in favor of potential intervenors," *Stupak-Thrall v. Glickman*, 226 F.3d

467, 472 (6th Cir. 2000) (internal quotations omitted), as a lawsuit often "will have implications on those not named as parties," *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (internal quotations and alterations omitted). Moreover, a party seeking intervention "need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005).

It is clear that Smith's unlawful conduct adversely affected the DRFC. Accordingly, the DRFC now promptly moves to intervene in this matter to ensure consideration of its substantial interest and protection of its rights.

### A. The DRFC is Entitled to Intervene as of Right

Rule 24(a) states that courts "***must*** permit anyone to intervene," who on "timely motion . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may . . . impair or impede the movant's ability to protect its interest[.]" Fed. R. Civ. P. 24(a)(2) (emphasis added). Proposed intervenors must establish four elements to intervene as of right: (1) a timely motion to intervene; (2) a substantial legal interest in the subject matter of the case; (3) the ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent their interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th

Cir. 1999). Rule 24(a) should be "broadly construed in favor of potential intervenors." *Davis v. Lifetime Cap., Inc.*, 560 Fed. App'x. 477, 490 (6th Cir. 2014).

The DRFC meets the minimal burden required to establish each of these elements.

### 1. The DRFC's Motion to Intervene is Timely

Courts assess timeliness based on five factors: (1) progress of the suit; (2) purpose of intervention; (3) length of time the intervenor knew of its interest before moving to intervene; (4) prejudice to the original parties; and (5) existence of unusual circumstances that mitigate for or against intervention. *Davis*, 560 Fed. App'x at 490. "No one factor is dispositive, but rather the determination whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quotations omitted).

The DRFC's motion to intervene is timely. The United States filed its complaint against Smith on June 21, 2024. (ECF No. 1.) The Court unsealed this matter on June 24, 2024. (ECF No. 7.) From the moment the DRFC learned of this action approximately a month ago, it has taken steps to set forth this motion to assert its rights.

Moreover, this case is in its infancy. No answers or other responsive pleadings have been filed, no discovery has been served, no hearings have taken place, and no

scheduling order has been issued. *See, e.g.*, *RPM Freight Sys., LLC v. Wesco Ins. Co.*, 2022 WL 1102707, at *2 (E.D. Mich. Apr. 13, 2022) (J., Parker) ("The Court agrees that the motion is timely because Beazley moved to intervene a month after its claim against Wesco became ripe, and discovery is still ongoing"); *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2012 WL 1598154, at *3 (E.D. Mich. May 7, 2012) (finding six-month delay in filing motion timely because "[m]ere delay in filing a motion to intervene … is insufficient to establish the untimeliness of the motion."); *Attitude Wellness LLC v. Vill. of Pinckney*, 2021 WL 5370484, at *2 (E.D. Mich. Nov. 18, 2021) ("[C]ase law in the Eastern District supports finding a two month delay timely.").

Since there has been no delay in intervening, and the DRFC has filed its motion at the earliest stage of this case, there is no prejudice to any party if the DRFC intervenes. Finally, the DRFC is prepared to follow any briefing schedule the Court sets and participate in any future hearings or oral arguments.

### 2. *The DRFC Has a Substantial Legal Interest in the Case*

The Sixth Circuit has a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398. There is no "specific legal or equitable interest" required. *Davis*, 560 Fed. App'x at 495. "A definite property interest" is more than sufficient to establish a substantial legal interest. *Id.* Even

close cases "should be resolved in favor of recognizing an interest under Rule 24(a)." *Grutter*, 188 F.3d at 399.

This is not a close case. The DRFC undoubtedly has a substantial legal interest in the subject matter here. As the Court has already acknowledged, there is a strong likelihood that Smith's alleged conduct has resulted in a continuing and substantial injury to the DRFC. (ECF No. 5, PageID.370.) Further, the DRFC has a "definite property interest" in the $40 million in this case. In *Grutter*, the Sixth Circuit found a substantial interest in the intervenors desire to gain admission to college. *Grutter*, 188 F.3d at 401. The DRFC's interest in recovering $40 million in stolen funds—which was a significant portion of the DRFC's overall holdings— is certainly the kind of "expansive" and "direct and substantial" interest necessary for the Court to grant intervention.

### 3. The DRFC's Interest Will be Impaired Without Intervention

Rule 24(a)'s "impairment" requirement concerns whether, as a practical matter, the denial of intervention will impede the prospective intervenor's ability to protect its interests in the subject of the action. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Rule 24(a) Advisory Committee Notes. The burden to show impairment of an interest is "minimal." *Davis*, 560 Fed.

App'x. at 496.  The intervenor need only show that "impairment of its substantial legal interest is *possible* if intervention is denied."  *Id.*

The DRFC has far exceeded that minimal showing.  Tens of millions of the DRFC's dollars are at stake in this litigation.  As the primary victim of Smith's alleged unlawful conduct, there is no question the DRFC will be substantially affected by the outcome of this case.  The Court's ruling in this matter will, in part, determine whether Smith's assets will be preserved to pay restitution to the DRFC.  This has a direct and significant financial impact on the DRFC.  Said another way, if the DRFC is precluded from intervening in this action, it, as the victim, will not be able to voice its concerns or ensure the protection of its rights.

### 4. *The Existing Parties May Not Adequately Represent the DRFC's Interest*

The burden of demonstrating that a potential intervenor's interests may not be adequately represented by existing parties to the litigation is also "minimal," as the proposed intervenor need not show that the representation of its interests "will in fact be inadequate," but only that such representation "*may* be inadequate." *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1008 (emphasis in original).  Even when the proposed intervenor and the existing party have the same interests, there is inadequate representation when the parties may raise different arguments. *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

11

To be sure, the DRFC is appreciative of the United States' interest in this matter, and its assistance in seeking retribution for Smith's wrongs. That said, though the United States and the DRFC share similar interests, their interests in this litigation are not identical. Simply put, the stakes for the DRFC are incredibly high, as Smith stole funds from a myriad of donors and sources (the United States included). The DRFC must take any and all measures legally available to seek retribution for the wrongs that have been committed against it. Indeed, it is the direct victim of Smith's embezzlement and fraudulent scheme; the stolen money is the DRFC's property. And as the direct victim, the DRFC "stands to gain or lose from the litigation in a way different from the public at large." *Entergy Arkansas, LLC v. Thomas*, 76 F.4th 1069, 1071 (8th Cir. 2023); *see also Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Michigan*, 41 F.4th 767, 775 (6th Cir. 2022) (accepting the township's concession that the township does not have the same interest as those directly impacted by the harm).

Smith's alleged crimes and breach of fiduciary duties have caused suffering, humiliation, outrage, and indignity to the DRFC, the tens of thousands of donors who have financially contributed to the DRFC, and the millions of people from the City of Detroit, the State of Michigan, and across the globe who have visited the DRFC's Riverfront. The DRFC's investment in the Riverwalk, through its many

donors and supporters, is an interest that no party can represent better than the DRFC itself.

Given the vast majority of Smith's assets at issue here are alleged to be derived from the DRFC's property, the DRFC's position about settlement and other potential outcomes in this litigation may likewise differ from the United States'. The DRFC's unique and unparalleled interest in the outcome of this litigation demonstrates that no party can represent the DRFC's interest better than it can.

Because the DRFC meets each of the elements required for intervention as of right under Rule 24(a)(2), the Court must permit the DRFC to intervene and assert its interest in this case.

## B. In the Alternative, the Court Should Grant the DRFC Permissive Intervention

If the Court determines that the DRFC is not entitled to intervene as of right, it should still permit the DRFC to intervene under Rule 24(b)'s permissive intervention standard. Courts "may permit" a party to intervene when that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention has a less exacting standard than mandatory intervention and courts are given greater discretion to decide motions for permissive intervention." *Priorities USA v. Benson*, 448 F. Supp.

3d 755, 759-60 (E.D. Mich. 2020). Proposed intervenors are required only to show that their interest is "'distinct from the defendants, regardless of whether it is 'substantial.'" *Pub. Int. Legal Found., Inc. v. Winfrey*, 463 F. Supp. 3d 795, 800 (E.D. Mich. 2020).

The DRFC's motion is timely, and intervention will not unduly delay or prejudice either party if the DRFC intervenes. *See supra*, Section III.A.1. The DRFC's interests are unique, distinct, and not adequately represented by the existing parties. The DRFC's interest in preserving Smith's assets is undoubtedly a common question of law and fact at issue in the litigation; the DRFC does not set forth new causes of action.

Though Rule 24(c) requests that motions to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," the Sixth Circuit "'favors a permissive approach' to Rule 24(c), which commands district courts to determine whether 'the parties are . . . on notice as to the grounds asserted for intervention.'" *Attitude Wellness LLC v. Vill. of Pinckney*, 2021 WL 5370484, at *5 (E.D. Mich. Nov. 18, 2021) (citing *Providence Baptist Church v. Hillandale Comm., Ltd*., 425 F.3d 309, 315 (6th Cir. 2005)). This motion puts the existing parties sufficiently on notice as to the grounds of the DRFC's intervention.

# IV.    CONCLUSION

For the reasons stated above, the DRFC respectfully requests that the Court

grant the DRFC's motion to intervene.

Respectfully submitted,
HONIGMAN LLP

Dated: July 24, 2024                By: */s/ Matthew Schneider*
                                    Matthew Schneider (P62190)
                                    Jalen R. Farmer (P86859)
                                    2290 First National Building
                                    660 Woodward Avenue
                                    Detroit, MI 48226
                                    (313) 465-7000
                                    mschneider@honigman.com
                                    jfarmer@honigman.com

                                    *Attorneys for Proposed Plaintiff-Intervenor Detroit Riverfront Conservancy, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ Matthew Schneider
Matthew Schneider (P62190)

Dated: July 24, 2024