IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM ANTHONY SMITH,

Defendant.

Case No.  24-cv-11626
Hon. F. Kay Behm

Temporary Restraining Order Pursuant
to 18 U.S.C. § 1345

## THIRD STIPULATED ORDER
## EXTENDING THE TEMPORARY RESTRAINING ORDER

The United States of America, by and through its attorneys, Dawn. N. Ison,

United States Attorney for the Eastern District of Michigan, and undersigned

Assistant United States Attorneys K. Craig Welkener and Jessica A. Nathan,

together with Defendant William Anthony Smith along with the Smith Entities

identified below, all by and through attorneys Gerald K. Evelyn and Robert E.

Higbee, as well as the Detroit Riverfront Conservancy, by and through undersigned

counsel, submit this Third Stipulated Order Extending The Temporary Restraining

Order for immediate entry.

The parties stipulate and agree to the following:

1) The parties agree to further extend the June 22, 2024 Temporary Restraining
   Order and Order to Show Cause (TRO) (ECF 5), currently extended until
   August 29, 2024 (ECF 11, attached hereto), until 11:59 P.M. on Thursday,

1

November 29, 2024.  *See* Fed. R. Civ. P. 65(b)(2) (temporary restraining orders to expire 14 days after entry, unless "the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.")

2) No party objects to the ongoing asset freeze, but there are remaining issues to be resolved about related issues.  A status conference is now set for October 10, 2024.  If the underlying issues are not resolved by then, the Court will set briefing deadlines on whether to convert the TRO into a preliminary injunction.

3) The parties will continue to endeavor to resolve this suit without briefing or hearing.  The parties have reached an interim agreement detailed in paragraph 4 below—with Court approval—permitting Smith access to a limited amount of the restrained funds pursuant to the TRO exceptions, while preserving assets for victim(s) to the maximum extent possible. Ultimately, the parties hope to reach a final agreement that accomplishes the goals of 18 U.S.C. § 1345, which lasts through the resolution of the related criminal case.

4) **Controlled Sales:** This asset freeze shall not be construed to prohibit the listing of Smith's assets for sale—via arms-length transactions for fair-market value, with proceeds preserved to the benefit of victims—with ultimate transfer subject to approval by the Court.  All such listings shall be disclosed to the United States Attorney's Office (USAO), and the terms of any sale presented to the USAO for approval, with the USAO to submit such terms to the Court for final approval.  Upon closing of any such transaction, unless otherwise ordered by the Court, the net proceeds shall be made payable to the United States Marshals Service and reference "Case No. 24-cv-11626."  The funds shall be held in the Department of Justice Seized Asset Deposit Fund pending further proceedings in the civil or criminal cases regarding Mr. Smith.

5) **Limited Access for Necessary and Reasonable Living Expenses:** The parties agree that Smith should have access to Three Thousand Four Hundred Twenty-One Dollars and 00/100 ($3,421.00) per month to pay "necessary and reasonable living expenses." The amount is based on the 2024 Collection Financial Standards published by the IRS (totaling the allowable expenses for Food, Clothing and Other Items; Out-of-Pocket Health Care Expenses; Housing and Utilities, and Transportation). The

parties agree the Permitted Funds amount should be an available monthly amount based on Smith's stated monthly rental income of $3,450.00. Smith's belief is that $3,421.00 is insufficient to pay his family's necessary and reasonable expenses, but he accepts this amount as the current monthly Permitted Funds amount the Government will agree to unfreeze at this time. The parties agree the Permitted Funds amount may be adjusted upon review of Smith's reasonable and necessary expenses not more than once every 30 days. In entering into this Stipulation, Smith reserves all rights to seek judicial review of the Permitted Funds amount at a future date. Accordingly, the Court ORDERS that Smith be granted access to $3,421.00 per month.

6) **Process for Access to Permitted Funds**: The parties agree that Smith, via his counsel, has already received access to $6,842.00 from J.P. Morgan Chase Bank account ending in -0995, representing Permitted Funds for two months of Smith's reasonable and necessary expenses from July 18-September 18, 2024.  To receive and spend Permitted Funds for future months, Smith may open a new bank account in his own name.  Smith shall disclose the account holder(s), account number, and routing number thereof to the United States.  Furthermore, any Permitted Funds will represent funds from rental income, notwithstanding the fact that they may have come from other sources, and Smith and the Smith Entities waive any objection to forfeiture of actual rental income up to the amount of the Permitted Funds, in the event that the Government seeks a forfeiture order.[1]  To the maximum extent possible, Permitted Funds disbursed to Smith shall come from sources not derived from potential fraud.  The parties will endeavor to reach agreement and submit a stipulated order with a specific source for future disbursements of Permitted Funds.

**SO ORDERED.**

s/ F. Kay Behm
Honorable F. Kay Behm
United States District Judge

Dated: August 27, 2024

Agreed as to form and substance:

---

[1] The Permitted Funds will be accounted for as rental income regardless of their actual source for purposes of this case and any related proceeding, including forfeiture.

Dawn N. Ison/
United States Attorney

*S/K. Craig Welkener*
K. Craig Welkener (DC 1033585)
Jessica A. Nathan (TX 24090291)
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248 (Welkener)
(313) 226-9643 (Nathan)
Kenton.Welkener@usdoj.gov
Jessica.Nathan@usdoj.gov

Dated: August 22, 2024

/s/ Jalen R. Farmer
Matthew Schneider (P62190)
Jalen R. Farmer (P86859)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7000
mschneider@honigman.com
jfarmer@honigman.com

*Attorneys for Detroit Riverfront
Conservancy, Inc.*

Dated: August 23, 2024
*****************************

*/s/Gerald K. Evelyn*
Gerald K. Evelyn (P29182)
Robert E. Higbee (P82739)
Counsel for Defendant & Smith Entities
409 East Jefferson Avenue, Suite 500
Detroit, MI 48226
(313) 962-3500
geraldevelyn@yahoo.com
robhigbee@gmail.com

Dated: August 23, 2024

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM ANTHONY SMITH,

Defendant.

Case No.  24-cv-11626
Hon. Linda V. Parker

Temporary Restraining Order Pursuant
to 18 U.S.C. § 1345

## SECOND STIPULATED ORDER
## EXTENDING TEMPORARY RESTRAINING ORDER
## AND THE DEADLINE TO SHOW CAUSE

The United States of America, by and through its attorneys, Dawn. N. Ison,

United States Attorney for the Eastern District of Michigan, and undersigned

Assistant United States Attorneys K. Craig Welkener and Jessica A. Nathan,

together with Defendant William Anthony Smith along with the Smith Entities

identified below, all by and through attorneys Gerald K. Evelyn and Robert E.

Higbee, submit this Second Stipulated Order Extending Temporary Restraining

Order and the Deadline to Show Cause for immediate entry.

The parties stipulate and agree to the following:

1) The parties agree to extend the June 22, 2024 Temporary Restraining Order
   and Order to Show Cause (TRO) (ECF 5), originally extended until July 25,
   2024 (ECF 10, attached for reference), until 11:59 P.M. on Thursday,

1

August 29, 2024.  *See* Fed. R. Civ. P. 65(b)(2) (temporary restraining orders to expire 14 days after entry, unless "the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.")

2) The show-cause hearing scheduled for June 27, 2024, originally reset for July 24, 2024 at 3:00 p.m., will be re-set for August 28, 2024, at 3:00 P.M. The briefing schedule is modified accordingly, with Smith's opposition, if any, to the TRO becoming a Preliminary Injunction due August 22, 2024. The Government may reply by August 27, 2024.

3) The parties will continue to endeavor to resolve this suit without briefing or hearing.  The parties have reached an interim agreement detailed in paragraph 4 below—with Court approval—permitting Smith access to a limited amount of the restrained funds pursuant to the TRO exceptions, while preserving assets for victim(s) to the maximum extent possible. Ultimately, the parties hope to reach a final agreement that accomplishes the goals of 18 U.S.C. § 1345, which lasts through the resolution of the related criminal case.

4) **Limited Access for Necessary and Reasonable Living Expenses:** The parties agree that Smith should have access to **Three Thousand Four Hundred Twenty-One Dollars and 00/100 ($3,421.00)** per month to pay "necessary and reasonable living expenses" as referenced in the original TRO (hereinafter referred to as the "Permitted Funds"). The amount is based on the 2024 Collection Financial Standards published by the IRS (totaling the allowable expenses for Food, Clothing and Other Items; Out-of-Pocket Health Care Expenses; Housing and Utilities, and Transportation). The parties agree the Permitted Funds amount is an available monthly amount based on Smith's stated monthly rental income of $3,450.00.  Smith's belief is that $3,421.00 is insufficient to pay his family's necessary and reasonable expenses, but he accepts this amount as the current monthly Permitted Funds amount the Government will agree to unfreeze at this time. The parties agree the Permitted Funds amount may be adjusted upon review of Smith's reasonable and necessary expenses not more than once every 30 days. In entering into this Stipulation, Smith reserves all rights to seek judicial review of the Permitted Funds amount at a future date, including at any hearing or regarding this TRO or a Preliminary Injunction. Accordingly, the Court ORDERS that Smith be granted access to $3,421.00 per month.

To effectuate the Court's Order, J.P. Morgan Chase Bank ("Chase"), shall immediately make payable from Chase account ending in -0995 to Smith's counsel "Gerald K. Evelyn, on behalf of William A. Smith", **Six Thousand Eight Hundred Forty-Two Dollars and 00/100 ($6,842.00)**, representing Permitted Funds for two months of Smith's reasonable and necessary expenses from July 18-September 18, 2024.  These Permitted Funds will represent funds from rental income, notwithstanding the fact that they may have come from other sources, and so Smith waives any objection to forfeiture of actual rental income up to the amount of the Permitted Funds, in the event that the Government seeks a forfeiture order. [1]  Gerald K. Evelyn and/or Robert E. Higbee is authorized to maintain Smith's Permitted Funds in a law firm IOLTA account and distribute them at appropriate intervals.

5) The parties agree to continue to place Smith's assets on the market, with proceeds preserved for the benefit of victim(s), in furtherance of the goals of 18 U.S.C. § 1345 (preserving assets and reducing ongoing costs). Accordingly, this Stipulated Order continues to allow for the listing of Smith's assets for sale, with ultimate transfer subject to approval by the Court.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 23, 2024

---

[1] The Permitted Funds will be accounted for as rental income regardless of their actual source for purposes of this case and any related proceeding, including forfeiture.

3

Agreed as to form and substance:

Dawn N. Ison/
United States Attorney

_S/K. Craig Welkener_                    _/s/Gerald K. Evelyn_____
K. Craig Welkener (DC 1033585)     Gerald K. Evelyn (P29182)
Jessica A. Nathan (TX 24090291)    Robert E. Higbee (P82739)
Assistant United States Attorneys   Counsel for Defendant & Smith Entities
211 W. Fort Street, Suite 2001       409 East Jefferson Avenue, Suite 500
Detroit, MI 48226                    Detroit, MI 48226
(313) 226-0248 (Welkener)           (313) 962-3500
(313) 226-9643 (Nathan)             geraldevelyn@yahoo.com
Kenton.Welkener@usdoj.gov          robhigbee@gmail.com
Jessica.Nathan@usdoj.gov

                                     Dated: July 18, 2024

Dated: July 18, 2024


****************************

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

WILLIAM ANTHONY SMITH,

        Defendant.

Case No.  24-cv-11626
Hon. Linda V. Parker

Temporary Restraining Order Pursuant
to 18 U.S.C. § 1345

## STIPULATED ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND THE DEADLINE TO SHOW CAUSE

The United States of America, by and through its attorneys, Dawn. N. Ison, United States Attorney for the Eastern District of Michigan, and undersigned Assistant United States Attorneys K. Craig Welkener and Jessica A. Nathan, together with Defendant William Anthony Smith along with the Smith Entities identified below, all by and through attorneys Gerald K. Evelyn and Robert E. Higbee, submit this Stipulated Order Extending Temporary Restraining Order and the Deadline to Show Cause for immediate entry.

The parties stipulate and agree to the following:

1) The parties agree to extend the June 22, 2024 Temporary Restraining Order and Order to Show Cause (TRO) (ECF 5), which is attached for reference, for 30 days, until 11:59 p.m. on Thursday, July 25, 2024.  *See* Fed. R. Civ. Pro. 65(b)(2) (temporary restraining orders to expire 14 days after entry,

1

unless "the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.")

2) The show-cause hearing originally set for June 27, 2024, will be re-set for July 24, 2024, at 3:00 pm. A modified briefing schedule is set forth below, with Smith's response due July 17, 2024 and the Government's reply due 3 business days later on July 22, 2024.

3) The parties will in the meantime endeavor to resolve this suit without briefing or hearing. The parties will seek an interim agreement—subject to Court approval—which will allow Smith and/or the Smith Entities to spend a limited amount of restrained funds pursuant to the TRO exceptions, while preserving assets for victims to the maximum extent possible. Ultimately, the parties hope to reach an agreement that accomplishes the goals of 18 U.S.C. § 1345, which lasts through resolution of the related criminal case.

4) Notably, the parties also agree that the controlled sale of portions of Smith's assets —via arms-length transactions for fair-market value, with proceeds preserved to the benefit of victims—may further the goals of 18 U.S.C. § 1345 by preserving assets and reducing ongoing costs. Accordingly, this Stipulated Order allows for the listing of Smith's assets for sale, with ultimate transfer subject to approval by the Court.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 26, 2024

2

Agreed as to form and substance:

Dawn N. Ison/
United States Attorney

*S/K. Craig Welkener*
K. Craig Welkener (DC 1033585)
Jessica A. Nathan (TX 24090291)
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248 (Welkener)
(313) 226-9643 (Nathan)
Kenton.Welkener@usdoj.gov
Jessica.Nathan@usdoj.gov

Dated: June 25, 2024

*/s/Gerald K. Evelyn*
Gerald K. Evelyn (P29182)
Robert E. Higbee (P82739)
Counsel for Defendant & Smith Entities
409 East Jefferson Avenue, Suite 500
Detroit, MI 48226
(313) 962-3500
geraldevelyn@yahoo.com
robhigbee@gmail.com

Dated: June 25, 2024

*****************************

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>WILLIAM ANTHONY SMITH,<br><br>          Defendant. | Case No. 24-cv-11626<br>Hon. Linda V. Parker<br><br>Temporary Restraining Order Pursuant to 18 U.S.C. § 1345<br><br><br>**Filed Under Seal** |

## TEMPORARY RESTRAINING ORDER
## AND ORDER TO SHOW CAUSE

Before the Court is the Government's Emergency *Ex Parte* Motion for a

Temporary Restraining Order and Order to Show Cause ("TRO Motion"). In light

of the arguments and evidence presented in the Motion and Complaint, the Court

**GRANTS** the Motion and enters this Temporary Restraining Order **(1)** prohibiting

any person from transferring or disposing of Defendant William Anthony Smith's

assets (to include the assets of his corporate entities specified below) up to a total

value of $39.3 million dollars, with the limitations described below; **(2)** authorizing

service of this Order as detailed below on Defendant, his companies, agents, and

financial institutions; and **(3)** requiring Defendant to show cause, if there be any,

why the Court should not enter a preliminary injunction extending this relief

pending a final adjudication on the merits.

1

## I.    Findings

The Court has having considered the Complaint, the pleadings and the additional evidence submitted in this action, and U.S. Magistrate Judge R. Steven Whalen's probable cause finding for the corresponding criminal complaint under Case No. 24-mc-30217, makes the following findings in the light thereof.

The Court finds that the Government has a strong likelihood of establishing by a preponderance of the evidence that Defendant William A. Smith has committed violations of criminal statutes that are predicates for Section 1345 injunctive relief: 18 U.S.C. §§ 1343 (Wire Fraud), 1344 (Bank Fraud), 1956 (Concealment Money Laundering), and 1957 (Transactions Exceeding $10,000 in Criminally Derived Property), with total proceeds of these offenses amounting to at least $39,300,000 dollars.  *See* 18 U.S.C. § 1345(a)(1), (a)(2), and (b).

The Court finds, pursuant to 18 U.S.C. § 1345, that the Government has a strong likelihood of establishing by a preponderance of the evidence that Defendant William A. Smith is alienating or disposing of property, and intends to alienate or dispose of property obtained in whole or in part in violation of the criminal statutes listed in 18 U.S.C. § 1345(a)(1) and (2), including transferring assets to family members or his corporate entities for nominal amounts, and attempting to sell real estate and his yacht to third parties.

2

The Court finds that the Government has a strong likelihood of establishing that the loss of the $39.3 million dollars—and their unavailability for restitution and forfeiture—is a "continuing and substantial injury" to the United States, the Detroit RiverFront Conservancy, Comerica Bank, and the Conservancy's donors and financial partners within the meaning of Section 1345(b), which the Court is authorized to prevent pursuant to Section 1345(a)(2) and (b). In light of the evidence shown, and Smith's ongoing dissipation of criminal proceeds, the Court is authorized to restrain "any person" from dissipating any property obtained by the underlying offenses, "or property of equivalent value." 18 U.S.C. § 1345(a)(2)(B)(i).

The Court finds that Defendant William A. Smith's assets, funds, or other property up to a total value of $39,300,000 constitute property obtained as a result of banking law violations (as defined in 18 U.S.C. § 3322) *or* property of equivalent value, within the meaning of 18 U.S.C. § 1345(a)(2).

The Court finds that there is a strong likelihood of irreparable injury to Smith's victims, including the Conservancy, Comerica Bank, and the Conservancy's donors and financial partners, unless this order is issued *ex parte*, thus allowing prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendant and his corporate

3

entities, before disclosure to Defendant, thus preventing further dissipation of criminal proceeds and funds otherwise available for restitution and forfeiture.

The Court finds that there is a strong likelihood that the Government will establish by a preponderance of the evidence that (1) Defendant is using the Smith Entities listed below as alter egos of himself, as nominees in transactions designed to hide assets from his victims and law enforcement, as vehicles for moving fraud and money-laundering proceeds, and as vehicles for fraudulent transfers; and (2) that the assets of the Smith Entities are therefore property of Smith himself and/or subject to equitable restraint for the protection of the interests of Smith's victims and the United States, including their interests in restitution and forfeiture.

The Court finds that there is good cause to believe that alternative means of service are warranted, to permit swift notice of this action when unsealed and to permit a prompt and fair preliminary injunction hearing.

Finally, the Court finds—to the extent that the law requires such a finding—that the traditional factors governing issuance of a TRO or preliminary injunction favor granting this Order, and that the Court has authority to issue it under 18 U.S.C. § 1345 and its own equitable authority. The public interest in preserving assets for victim restitution and forfeiture of unlawful proceeds would be served by granting this Order. Any potential harm to Defendant and his businesses is ameliorated by the exceptions to the asset freeze listed below and outweighed by

4

the strong likelihood of the Government's success on the merits. And Smith's attempts to dissipate his alleged criminal proceeds—and property of equivalent value—poses a strong likelihood of irreparable harm.

The Court therefore **ORDERS** the following relief:

## II. Order Freezing Smith's Assets

a) The Court hereby **PROHIBITS** any person from withdrawing, transferring, removing, dissipating, or disposing of Defendant William A. Smith's assets, funds, or other property up to a total value of $39,300,000, subject to the exceptions listed in paragraph (i) below.

b) As used in this Order, the term "**any person**" means any individual or entity who receives actual notice of this order by personal service or otherwise, including but not limited to financial institutions, Defendant himself, his agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with any of them (as well as any LLCs under Defendant's ownership, direction or control, including the Smith Entities listed below, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them).

c) As used in this Order, the terms "**withdrawing, transferring, removing, dissipating, or disposing**" have their ordinary and reasonable meaning, including but not limited to a prohibition on any movement of or actions to reduce

the value of the relevant property.  The Court specifically includes in this definition, and thus prohibits: (1) *equity-stripping* (creating, drawing down, or using existing or created lines of credit or loans against restrained property), (2) *asset-shielding* via the creation or use of any corporate entities or trusts to hold the restrained property, and (3) *transferring* the restrained property in any manner, to include transferring restrained money between accounts already owned by Smith or any entity or person associated with him, or transferring funds overseas.

d)      **Financial Institutions**: upon receiving notice of this order, any financial institution receiving it shall freeze any of Defendant William A. Smith's assets, funds, or other property up to a total value of $39,300,000—as defined in paragraph (f) and related paragraphs—including any checking, saving, retirement, credit, or investment account, and refuse to accept any withdrawal or transfer request, and inform the relevant federal law enforcement personnel of the accounts and balances so frozen.  In accomplishing service on financial institutions, the FBI may disclose Smith's social security number to identify his accounts.

e)      As used in this Order, the term "Defendant William A. Smith's assets, funds, or other property up to a total value of $39,300,000" means all of Defendant's property interests, real or personal, including but not limited to any assets, funds, or other property held by or under the direct control of Defendant and/or the Smith Entities, whether held in any of their names or for their direct or

indirect beneficial interests, or subject to their direct or indirect control, wherever located or by whomever held, and whether acquired before or after institution of this action, with total equitable value (after subtraction for outstanding mortgages, liens, or other debts) not to exceed $39.3 million.  All such assets are FROZEN, pursuant to paragraph (a) above.

   f) As used in this Order, the term "Smith Entities" are corporate entities that Defendant appears to own, control, and/or use to hide assets, which as of this Order is limited to the following:

1. Joseph Group & Associates LLC
2. William Smith & Associates LLC
3. First Round Management LLC
4. Bleu Rose Investments LLC
5. Biltmore Development Group, LLC
6. Biltmore Records LLC
7. The YBE Group LLC
8. YBE Investments LLC
9. YBE Food Group LLC
10. YBE Property Group LLC
11. YBE Services Group LLC
12. YBE Tobacco Group, LLC
13. Alter Ego Properties LLC
14. Biltmore Publishing Group, LLC
15. Biltmore Entertainment Group, LLC
16. 48235 Properties, LLC
17. Ross Drive, LLC

   g) Defendant Smith and the Smith Entities are hereby specifically enjoined from alienating or disposing of any property obtained as a result of the bank fraud, wire fraud, or money laundering violations alleged in this suit or

charged in the corresponding criminal case; or property which is traceable to such violations; or property of equivalent value; up to a total amount of $39,300,000.

h)      This Order specifically applies to any accounts bearing William Anthony Smith as signatory(s) or the Smith Entities as business name(s), including checking accounts, savings accounts, retirement or investment accounts, loans, and lines of credit (including credit cards), wherever held, including but not limited to the following financial institutions/entities:

1. Bank of America

2. Citizens Bank

3. JP Morgan Chase Bank

4. Comerica Bank

5. U.S. Bank

6. American Express Co.

7. Mastercard Inc.

8. SS&C Technologies, Inc and SS&C Fund Services.

This Order also specifically applies to the following assets, which are included in the definition of "Defendant William A. Smith's assets, funds, or other property":

1.    TWO (2) 2021 CAN-AM MOTORCYCLES
2.    ONE (1) 2021 36' CRUISERS 35 EXPRESS YACHT
3.    880 E. M.L. KING DR., IDLEWILD, MI.
4.    1977 WOODBRIDGE, DETROIT, MI.
5.    2087 HOLTZ LANE, ATLANTA, GA 30318-9304

8

6.   6405 PENROD, DETROIT, MI.

7.   11739 HEYDEN, DETROIT, MI.

8.   11914 DEEPWATER RIDGE WAY, CYPRESS, TX 77433.

9.   12709 CLOVERLAWN, DETROIT, MI.

10.  14026 MARK TWAIN, DETROIT, MI.

11.  15791 MURRAY HILL, DETROIT, MI.

12.  16500 BILTMORE, DETROIT, MI.

13.  16510 BILTMORE, DETROIT, MI.

14.  16527 BILTMORE, DETROIT, MI.

15.  16700 BILTMORE, DETROIT, MI.

16.  16717 RUTHERFORD, DETROIT, MI.

17.  17125 W. MCNICHOLS, DETROIT, MI.

18.  17207 W. MCNICHOLS, DETROIT, MI.

19.  18901 W. MCNICHOLS, DETROIT, MI.

20.  18921 W. MCNICHOLS, DETROIT, MI.

21.  21291 EQUESTRIAN, NORTHVILLE, MI.

22.  PEDREGAL ONE CONDOMINIUMS, UNIT 203, LOS CABOS, BAJA CALIFORNIA SUR, MEXICO (and the proceeds of any sale thereof).

23.  18966 SUSSEX, DETROIT MI 48235.

i)   **Exceptions/Limitations:** Pursuant to the request process outlined

below, the Court excepts from the asset freeze **(1)** necessary and reasonable living

expenses, **(2)** necessary and reasonable expenses of any ongoing, legitimate

business operations, and **(3)** funds necessary and reasonable to pay Smith's counsel

of choice in his criminal case, pursuant to *Luis v. United States*, 578 U.S. 5, 18

(2016) (untainted funds) and/or *United States v. Monsanto*, 491 U.S. 600 (1989)

and its progeny (tainted funds); *see also United States v. Jones,* 160 F.3d 641 (10th

Cir. 1998); *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001).  Furthermore,

**(4)** any party—to include the Smith Entities, and Defendant's family members—

may petition the Court for relief from this Order.  Requests for release of funds pursuant to these exceptions will be granted only upon good cause shown by application to the Court with notice to and an opportunity for the United States to be heard. **(5)** This asset freeze shall not operate to prevent the execution of any search or seizure warrant by the United States.

### III.    Order for Alternative Service

Service of this Order, the Summons and Complaint, TRO Motion, and any other filings related to the TRO Motion in this case may be made by e-mail, facsimile, delivery by law enforcement personnel, courier or process server, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure, except by mail, and may be made on any registered agent, officer, or director of Smith and the Smith Entities, or on counsel that has agreed to accept service.  To the extent that a Smith Entity that Smith created no longer has a registered agent, the United States may effect service of this Order by service upon Smith and mailing to the last address of record.

### IV.    Order to Show Cause

a)    The Government's Motion for a TRO is also deemed to be a motion for a preliminary injunction, and the Government is not required to file or serve a separate motion for a preliminary injunction in order to see the entry thereof.

b)     The Court will consider all materials filed by the Government in connection with its TRO Motion to have been filed in connection with the Government's motion for a preliminary injunction. The Government shall be permitted, but is not required, to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing.

c)     Defendant or any of the Smith Entities wishing to be heard on this matter may appear in this Court, on the Government's motion for preliminary injunction, before the Honorable Judge Linda V. Parker, at **3:00 p.m**. on **June 27, 2024,** in Courtroom 206 of the United States District Court, Eastern District of Michigan, 231 W Lafayette Blvd, Detroit, Michigan 48226, to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief against them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, extending the temporary relief granted in this Order pending a final adjudication on the merits.

d)     Defendant and/or Smith Entities shall file or, if not represented by counsel, deliver by the most expeditious means available, any opposing papers in response to the Order to Show Cause by 3:00 p.m. on June 25, 2024. The Government shall have until 3:00 p.m. on June 26, 2024 to file, and if Defendant is not represented by counsel, deliver on Defendants and any Relief Defendants by the most expeditious means available, any reply papers on Defendants, Relief

11

Defendants, or their counsel, if counsel shall have made an appearance in this matter.

e)      This Order shall expire at 11:59 P.M. fourteen days following its entry, unless otherwise ordered by this Court.

f)      The Court shall retain jurisdiction of this matter for all purposes. Under 18 U.S.C. § 1345(a)(3), no bond or security is required of the United States.

**V.      Unsealing**

The Government shall file a Notice once service of this Order on the necessary individuals and/or entities is complete.  At that time, the Court will unseal the previously sealed materials in this matter, unless the Government files an objection explaining why public access remains necessary.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: June 22, 2024

11:29 a.m.