UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                       Case No. 24-CV-11626
                                       Hon. Susan K. DeClercq

WILLIAM A. SMITH,

     Defendant.

---

## STIPULATED AGREEMENT FOR ORDER REGARDING SALE OF REAL PROPERTY LOCATED AT 2087 HOLTZ LANE, ATLANTA, GEORGIA

---

This Stipulated Agreement ("Agreement") is made and entered into by and between the United States of America ("United States"), by and through the United States Attorney's Office for the Eastern District of Michigan ("USAO"), through its attorneys, K. Craig Welkener and Jessica A. Nathan, Assistant United States Attorneys; title owner, YBE Investments, LLC, through its authorized agent and Defendant, William A. Smith, by and through his attorney, Gerald K. Evelyn, (together, the "Parties") regarding the real property commonly known as, 2087 Holtz Ln., Atlanta, Georgia and more fully described as:

     **ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 221 OF THE 17TH DISTRICT, FULTON COUNTY GEORGIA, BEING**

**LOT 091-04, THE QUARTER, PARCEL 4, AS PER PLAT RECORDED IN PLAT BOOK 432, PAGES 120-121, FULTON COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART OF THIS DESCRIPTION.**

**PARCEL ID: 17-0221-LL-644-33**

(the "Holtz Property").

WHEREAS on November 9, 2020, Defendant William A. Smith acquired title to the Holtz Property under a Limited Warranty Deed recorded on November 10, 2020, at Book 62592, Page 1, in the Fulton County Register of Deeds.

WHEREAS on November 20, 2020, Mr. Smith transferred title of the Holtz Property to his limited liability company, YBE Investments, LLC, via a Quitclaim Deed recorded on November 24, 2020, at Book 62673, Page 519, in the Fulton County Register of Deeds.

WHEREAS Mr. Smith, through YBE Investments, LLC, holds title to the Holtz Property under a Quitclaim Deed recorded on November 24, 2020, at Book 62673, Page 519, in the Fulton County Register of Deeds.

WHEREAS on June 22, 2024, the Court issued a temporary restraining order prohibiting any person from transferring or disposing of Mr. Smith's assets (including assets of his corporate entities) up to a total value of $39.3 million dollars. ECF No. 5.

WHEREAS on January 28, 2025, the Parties stipulated to, and the Court entered, a Stipulated Preliminary Injunction Extending the Asset Freeze ("Injunction") prohibiting any person from transferring or disposing of Mr. Smith's assets (including assets of his corporate entities) up to a total value of $39.3 million dollars. ECF No. 25.

WHEREAS the Injunction freezes Mr. Smith's and his entities' assets, the Injunction permits the controlled sale of property under certain conditions, e.g., via arms-length transaction, for fair market value, disclosed to the United States Attorney's Office, with proceeds preserved for the benefit of Mr. Smith's victim(s) (*see* companion case 2:24-cr-20532), and ultimately subject to Court approval. ECF No. 25, PageID. 528.

WHEREAS the Parties acknowledge that on September 24, 2024, the United States filed an Information against Mr. Smith in the Eastern District of Michigan, Case No. 2-24-CR-20532, for charges including Wire Fraud, in violation of 18 U.S.C. § 1343, and Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *United States v. Smith*, Case No. 2:24-cr-20532, ECF No. 14. The Information included Forfeiture Allegations. *Id*. at PageID 56.

WHEREAS the Parties acknowledge that on November 15, 2024, Mr. Smith pleaded guilty to Count One, Wire Fraud, in violation of 18 U.S.C. § 1343, and Count Two, Laundering of Monetary Instruments, in violation of 18 U.S.C.

3

§ 1956(a)(1)(B)(i), in a Rule 11 Plea Agreement ("Plea Agreement"). *Id.*, ECF No. 22.

WHEREAS pursuant to the Plea Agreement, Mr. Smith agreed to pay restitution in the amount of at least $44.3 million and entry of a personal forfeiture money judgment against him in favor of the United States in the amount of at least $44.3 million. *Id.*, PageID. 85 and 86.

WHEREAS the Parties acknowledge that on or about January 21, 2025, a contract for the purchase of the Holtz Property was entered into by YBE Investments, LLC, through its authorized agent, Mr. Smith, and a prospective buyer.

WHEREAS the Parties are not aware of any other outstanding interests against the Holtz Property.

WHEREAS the Parties acknowledge that it is in the best interests of all Parties to consummate the purchase contract for the Holtz Property under the conditions of the Injunction.

WHEREAS the United States Attorney's Office has reviewed the details of the proposed transaction, including but not limited to, the purchase agreement, communicated with real estate professionals for the area, vesting documents, condition and inspection reports, and photographs of the property. Based on its review, the USAO recommends the Court approve the proposed sale.

WHEREAS the Parties submit this Stipulated Agreement for the purpose of

4

placing funds realized from the sale of the Holtz Property into an escrow account maintained by the United States Marshal Service, pending resolution of the civil and/or criminal proceedings.

NOW THEREFORE, the Parties do hereby agree as follows:

1) A third party shall purchase the Holtz Property under the terms of a separate written agreement with YBE Investments, LLC, through its authorized agent, William A. Smith, subject to USAO approval.

2) The Parties have designated Taylor Sellers Law, to process and close the transaction.

3) Upon closing of the transaction, Taylor Sellers Law shall make a cashier's check payable to the **United States Marshals Service** and reference "**2087 Holtz Ln** – Case No. 2:24-CR-20532" for at least **Eighty-Eight Thousand Forty-Two Dollars and Eighty-Eight Cents 88/100 ($88,042.88)** and send by overnight mail or FedEx to:

> **United States Attorney's Office**
> **Attn: AUSA Jessica A. Nathan, MLAR**
> **211 W. Fort St., Ste. 2001**
> **Detroit, MI 48226**

(wire instructions will be provided on request). The funds shall be held in the Department of Justice Seized Asset Deposit Fund pending completion of the civil (24-cv-11626) and criminal (24-cr-20532) case.

4) Taylor Sellers Law shall make payment(s) of any additional funds, including escrowed or returned funds, related to the sale of the Holtz Property to the United States Marshals Service under the same instruction.

5) YBE Investments, LLC, through its authorized agent, William A. Smith, agrees to record a deed transferring the Holtz Property to the third-party purchaser.

6)  The United States agrees not to pursue forfeiture of the Holtz Property in connection with the conduct in Case No. 2:24-cr-20532. The agreement in this paragraph does not apply to any forfeiture proceedings against the sum to be paid concerning the Holtz Property.

7) William A. Smith stipulates and agrees that, in the event of his conviction to a charge authorizing forfeiture in Case No. 2:24-cr-20532, he shall forfeit the proceeds of the sale in connection with the Holtz Property up to the amount of any forfeiture money judgment.

8) William A. Smith stipulates and agrees that, in the event of his conviction and the entry of an order for restitution in Case No. 2:24-cr-20532, he will not file a claim or petition for any of the funds, and consents to the application of any portion of the Holtz Property proceeds to an order for restitution.

6

9) The Parties agree designation and application of the Holtz Property proceeds is at the discretion of the United States.

10)   In the event any portion of the Holtz Property proceeds are forfeited under this agreement, William A. Smith agrees that: a) he shall not file a claim or petition for any of the funds; b) he shall consent to the forfeiture of these funds under these terms to the United States; c) he and any of his related entities shall forego any cognizable interest as third parties; and d) he and any of his related entities shall forever extinguish their right, title, or interest in these funds and clear title to the funds shall vest in the United States of America and the United States Marshals Service shall be authorized to dispose of the funds according to law.

11)   William A. Smith and his related entities, agree to unconditionally release and forever discharge the United States, and its agencies, agents, officers and employees, past and present, and any other persons who participated in or assisted in any aspect of the restraint of the Holtz Property or the related investigation (the "Released Parties"), from any and all claims, causes of action, suits, proceedings, judgments, and/or demands in law or equity, which William A. Smith and his related entities, and/or their assigns, agents,

7

heirs, or successors in interest has or may have against the Released Parties, for, or on account of, the incidents or circumstances related to the Government's identification of the property for forfeiture.

12)    William A. Smith acknowledges that he has read and discussed the terms of this Agreement with his attorney or has otherwise been provided an opportunity to consult with an attorney, that he is aware of his rights regarding this matter, and that he fully understands the terms, conditions, and consequences of entering into this Agreement.

13)    The Parties stipulate and agree that all Parties shall bear their own costs and fees concerning this Agreement, if any. The Parties agree not to claim or seek any fees or costs, including attorney fees, from the United States in connection with this Agreement and knowingly and voluntarily waive any and all claims for attorney fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation.

14)    This Agreement encompasses the full agreement of the Parties regarding the United States' interest in the Holtz Property. As stated in paragraph 1, the terms of the agreement to purchase the Holtz Property from YBE Investments, LLC, through its authorized agent, William A. Smith shall be addressed in a separate written agreement between the

8

third-party purchaser and YBE Investments, LLC, through its authorized agent, William A. Smith.

15)     The Parties agree that entry into this Agreement by William A. Smith does not constitute an admission to any criminal or civil wrongdoing.

16)     This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

17)     By their signatures below, the Parties agree to all of the terms and conditions stated herein.

//

//

//

//

//

//

//

//

//

//

9

Agreed as to form and substance:


JULIE A. BECK
Acting United States Attorney


s/ Jessica A. Nathan
K. Craig Welkener (DC 1033585)
Jessica A. Nathan (TX 24090291)
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-0248 (Welkener)
(313) 226-9643 (Nathan)
Kenton.Welkener@usdoj.gov
Jessica.Nathan@usdoj.gov

Dated: March 3, 2025

s/ Gerald K. Evelyn (with consent)
Gerald K. Evelyn (P29182)
Robert E. Higbee (P82739)
Counsel for Defendant & Smith Entities
409 East Jefferson Ave., Ste. 500
Detroit, MI 48226
(313) 962-3500
geraldevelyn@yahoo.com
robhigbee@gmail.com


Dated: March 3, 2025

s/ William A. Smith (with consent)
William A. Smith

Dated: March 3, 2025

Accordingly, pursuant to the Stipulated Preliminary Injunction and the

stipulation of the parties, IT IS SO ORDERED.


Dated: March 4, 2025

s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

10