UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

WILLIAM A. SMITH,

   Defendant.

Case No. 2:24-cv-11626
Hon. Susan K. DeClercq

**STIPULATED ORDER
REGARDING SALE OF BUSINESS ASSETS
ASSOCIATED WITH DUO RESTAURANT AND LOUNGE**

This Stipulated Order ("Order") is made and entered into by and between the United States of America ("United States"), by and through the United States Attorney's Office for the Eastern District of Michigan ("USAO"), through its attorneys, K. Craig Welkener and Jessica A. Nathan, Assistant United States Attorneys; Defendant, William A. Smith, and Defendant's entity, YBE Food Group, LLC, a Michigan limited liability company ("YBE Food Group"), by and through their attorney, Gerald K. Evelyn, (together, the "Parties") regarding the business assets located at or associated with business previously operated by YBE Food Group at the real property commonly known as, 29555 Northwestern Hwy., Ste 304, Southfield, Oakland County, Michigan (the "Premises") and more fully described as follows:

1. The Class C and Specially Designated Merchant liquor licenses issued by the Michigan Liquor Control Commission (License Nos. L-000267109 and L-000267110, Business Id. No. 244173) (collectively, the "Liquor License");

2. All alcohol inventory located at the Premises (the "Alcohol Inventory");

3. To the extent not owned by Commercial Property Associates, LLC, the landlord of the Premises, all furniture, fixtures, and equipment and other property located at the Premises, and any keys or passcodes to the Premises (collectively, the "FF&E"); and

4. All right title and interest, if any, in the name "Duo Restaurant and Lounge" and all derivations thereof; any patents, logos, slogans, copyrights, trade secrets, formulae, telephone numbers, telephone listings, fax numbers, websites, social media accounts, passcodes, and customer lists used in connection with the operated business known as "Duo Restaurant and Lounge" (collectively, the "Goodwill").

(the Liquor License, Alcohol Inventory, FF&E, and Goodwill are collectively referred to herein as the "Business Assets").

WHEREAS, William A. Smith is the sole Member of YBE Food Group which holds title to the Business Assets.

WHEREAS on June 22, 2024, the Court issued a temporary restraining order

2

prohibiting any person from transferring or disposing of Defendant William A. Smith's assets (including assets of his corporate entities) up to a total value of $39.3 million dollars. ECF No. 5.

WHEREAS by stipulation, the Parties extended the TRO to January 28, 2025. ECF No. 10, 11, 21, and 24.

WHEREAS the Court issued a Stipulated Preliminary Injunction on January 28, 2025 which extended the asset freeze indefinitely, to include the assets of YBE Food Group.

WHEREAS the TRO and the Stipulated Preliminary Injunction freezes Smith's and his entities' assets, the TRO and the Stipulated Preliminary Injunction permits the controlled sale of property under certain conditions, e.g., via arms-length transaction, for fair market value, disclosed to the United States Attorney's Office, with proceeds preserved for the benefit of Smith's victim(s), and ultimately subject to Court approval. ECF No. 24, PageID. 497.

WHEREAS the Parties acknowledge that on September 24, 2024, the United States filed an Information against William A. Smith in the Eastern District of Michigan, Case No. 2-24-CR-20532, for charges including Wire Fraud, in violation of 18 U.S.C. § 1343, and Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *United States v. Smith*, Case No. 2:24-cr-20532, ECF No. 14. The Information includes Forfeiture Allegations. *Id*. at PageID 56.

WHEREAS the Parties acknowledge that on January 16, 2025, a contract for the purchase of the Business Assets (the "Purchase Agreement") was entered into by William Smith, YBE Food Group, and a prospective buyer identified in the Purchase Agreement (the "Buyer"). These same parties have also agreed to an Amendment to the Purchase Agreement, stating that the provisions of this Order shall govern and control.

WHEREAS the Parties acknowledge that it is in the best interests of all Parties to consummate the Purchase Agreement under the conditions of the Preliminary Injunction.

WHEREAS the United States Attorney's Office has reviewed the details of the proposed transaction, including but not limited to, the Purchase Agreement and Amendment. Based on its review, the USAO recommends the Court approve the transaction.

WHEREAS the Parties submit this Stipulated Order for the purpose of placing funds realized from the sale of the Business Assets into an escrow account pending resolution of the civil and/or criminal proceedings.

NOW THEREFORE, the Parties do hereby agree as follows:

    1)    YBE Food Group and William A. Smith shall sell the Business Assets in accordance with the terms of the Purchase Agreement and

shall comply with all of the terms set forth in the Purchase Agreement Amendment, and this Order.

2) YBE Food Group and William A. Smith shall, without delay (a) cooperate with the Michigan Liquor Control Commission's ("MLCC") investigation, complete all MLCC application materials and provide all documentation required by the MLCC in order for it to approve the transfer of the Liquor License and Alcohol Inventory to the Buyer pursuant to the Purchase Agreement; and (b) diligently cooperate with Buyer to obtain all municipal approvals required for the transfer of the Liquor License to the Buyer for use at the Premises.

3) Upon closing of the transaction contemplated under the Purchase Agreement and the release of the escrow as provided in the Purchase Agreement, the Buyer shall pay by wire transfer or a cashier's check payable to the United States Marshals Service and reference "29555 Northwestern Hwy., Ste 304, Duo Restaurant and Lounge – Case No. 2:24-CR-20532" for One Hundred Fifty-Five Thousand Dollars ($155,000.00), less taxes and assessments owed by YBE Food Group as set for in paragraph 9(c) of the Purchase Agreement, including Fifteen Thousand Eighteen Dollars and 98/100 Dollars ($15,018.98) for personal property taxes and utilities paid by Buyer to the City of

Southfield. Wire instructions or mailing address (if payment is to be made by cashier's check) will be provided by the USAO to Buyer upon request. Notwithstanding anything set forth in the Purchase Agreement, no funds shall be paid by YBE Food Group or William A. Smith in advance of the closing of the transaction contemplated under the Purchase Agreement (including Tax Clearance Funds), but all such funds required to be paid for taxes (including unemployment insurance taxes) and assessments owed to the State of Michigan shall be paid from the purchase price proceeds to be held in escrow pursuant to the Purchase Agreement. Upon the payment of any applicable taxes and assessments, all net proceeds due to YBE Food Group, if any, shall be paid to the United States Marshals Service as aforesaid. The funds shall be held in the Department of Justice Seized Asset Deposit Fund pending completion of the civil (24-cv-11626) and criminal (24-cr-20532) cases.

4) William A. Smith and YBE Food Group stipulate and agree that, in the event of William A. Smith's conviction to a charge authorizing forfeiture in Case No. 2:24-cr-20532, William A. Smith and YBE Food Group shall forfeit the proceeds of the sale in connection with the Business Assets up to the amount of any forfeiture money judgment.

5) William A. Smith and YBE Food Group stipulate and agree that, in the event of William A. Smith's conviction and the entry of an order for restitution in Case No. 2:24-cr-20532, William A. Smith and YBE Food Group will not file a claim or petition for any of the funds, and consent to the application of any portion of the Business Assets proceeds to an order for restitution.

6) The Parties agree designation and application of the Business Assets proceeds is at the discretion of the United States.

7) In the event any portion of the Business Assets proceeds are forfeited under this Order, William A. Smith and YBE Food Group agree that: a) they shall not file a claim or petition for any of the funds; b) they shall consent to the forfeiture of these funds under these terms to the United States; c) William A. Smith, YBE Food Group, and any of William A. Smith's related entities shall forego any cognizable interest as third parties; and d) William A. Smith, YBE Food Group, and any of William A. Smith's related entities shall forever extinguish their right, title, or interest in these funds and clear title to the funds shall vest in the United States of America and the United States Marshals Service shall be authorized to dispose of the funds according to law.

8) William A. Smith, YBE Food Group, and William A. Smith's

related entities, agree to unconditionally release and forever discharge the United States, and its agencies, agents, officers and employees, past and present, and any other persons who participated in or assisted in any aspect of the transaction or the related investigation (the "Released Parties"), from any and all claims, causes of action, suits, proceedings, judgments, and/or demands in law or equity, which William A. Smith, YBE Food Group, and William A. Smith's related entities, and/or their assigns, agents, heirs, or successors in interest has or may have against the Released Parties, for, or on account of, the incidents or circumstances related to the Government's identification of the property for forfeiture.

9) William A. Smith and YBE Food Group acknowledge that they have read and discussed the terms of this Order with their attorney or have otherwise been provided an opportunity to consult with an attorney, that they are aware of their rights regarding this matter, and that they fully understand the terms, conditions, and consequences of entering into this Order.

10) The Parties stipulate and agree that all Parties shall bear their own costs and fees concerning this Order, if any. The Parties agree not to claim or seek any fees or costs, including attorney fees, from the United States in connection with this Agreement and knowingly and

voluntarily waive any and all claims for attorney fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation.

11) This Order encompasses the full agreement of the Parties regarding the United States' interest in the Business Assets. As stated in paragraph 1, the terms of the agreement to purchase the Business Assets from William A. Smith and YBE Food Group shall be addressed in a separate written agreement between the third-party purchaser, William A. Smith, and YBE Food Group. For the avoidance of doubt, this Order governs over conflicting language contained in the separate written agreement between the third-party purchaser, William A. Smith, and YBE Food Group.

12) The Parties agree that entry into this Order by William A. Smith and YBE Food Group does not constitute an admission to any criminal or civil wrongdoing.

13) This Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

14) By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Agreed as to form and substance:

JULIE A. BECK
Acting United States Attorney

s/ *K. Craig Welkener*
K. Craig Welkener (DC 1033585)
Jessica A. Nathan (TX 24090291)
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-0248 (Welkener)
(313) 226-9643 (Nathan)
Kenton.Welkener@usdoj.gov
Jessica.Nathan@usdoj.gov

Dated: April 2, 2025

IT IS SO ORDERED.

Dated: April 9, 2025

s/ *Gerald K. Evelyn*
Gerald K. Evelyn (P29182)
Robert E. Higbee (P82739)
Counsel for Defendant & YBE Food Group
409 East Jefferson Ave., Ste. 500
Detroit, MI 48226
(313) 962-3500
geraldevelyn@yahoo.com
robhigbee@gmail.com

Dated: April 1, 2025


s/ *Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge