## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

WILLIAM A. SMITH,

              Defendant.

Case No.  24-cv-11626
Honorable Susan K. DeClerq

Criminal No. 24-cr-20532

## THIRD-PARTY PETITION ASSERTING
## INTEREST IN FORFEITED PROPERTY

Third-Party Petitioners, Select Portfolio Servicing, Inc. ("SPS") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), through their attorneys, Dykema Gossett PLLC, file this petition asserting an interest in property forfeited in this case pursuant to 21 U.S.C. § 853(n) (the "Petition").  In support, SPS and Freddie Mac state as follows:

1. The subject of this Petition is the real estate and certain improvements located thereon, all situated in the City of Detroit, Wayne County, Michigan, commonly known as 6405 Penrod, Detroit, MI 48228 (the "Real Estate"), and as more particularly described as:

> LOT 503, FRISCHKORN'S HIGHLANDS NO. 2, SUBDIVISION, ACCORDING TO THE PLAT THEREOF

1

RECORDED IN LIBER 41, ON PAGE 23 OF PLATS, WAYNE COUNTY RECORDS.

2. On April 7, 2025, this Court entered a Stipulated Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1) ordering the forfeiture of the Real Estate to the United States of America (the "Forfeiture Order").

3. SPS and Freddie Mac submit this petition for the purpose of obtaining a declaration (and a hearing, if necessary) from this Court that Freddie Mac and SPS (on behalf of Freddie Mac) have a valid first mortgage lien on the Real Estate.

## ESTABLISHMENT OF LIEN INTEREST

4. On or about October 18, 2002, William Smith, executed a $71,150 note (the "Note") in favor of Bank of America, N.A. ("Lender"), secured by a mortgage (the "Mortgage") encumbering the Real Estate (the Note and Mortgage are referred to collectively as the "Mortgage Loan").  The Mortgage was recorded on January 14, 2003 in Liber 37569, Page 2461, document number 203100588, in the office of the Wayne County Register of Deeds. *See* **Ex. A** – Mortgage.

5. The Mortgage and Note thereafter transferred to SPS and an Assignment of Mortgage from Lender to SPS was recorded on October 16, 2024 in Liber

2

59136, Page 1113, document number 2024270534, in the office of the Wayne County Register of Deeds.  *See* **Ex. B** –Assignment of Mortgage.

6. Freddie Mac is the owner of the Mortgage Loan, which is serviced by SPS for and on Freddie Mac's behalf, and Freddie Mac is the owner of the beneficial interest in the Note and Mortgage secured by the Real Estate.

7. Accordingly, Freddie Mac and SPS (on behalf of Freddie Mac) claim an interest in the Real Estate pursuant to the Mortgage and Note.

8. Freddie Mac's mortgage interest in the Real Estate and SPS's mortgage interest in the Real Estate (on behalf of Freddie Mac) are first in priority.

9. The amount due on the Note through November 20, 2025 is $28,528.06. Interest and fees continue to accrue as allowed under the loan documents.

10. Please take further notice that The Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. §4511 et seq.), established the Federal Housing Financing Agency ("FHFA" or "Conservator") as Freddie Mac's primary regulator. On September 6, 2008, pursuant to HERA, the Director of FHFA placed Freddie Mac into conservatorship, where it remains to this day. See 12 U.S.C. §4617(a). As Conservator, FHFA succeeded to all of Freddie Mac's rights, titles, powers, privileges, exemptions, functions, and assets. 12 U.S.C. §4617(b)(2)(A)(i). FHFA, as Conservator, has broad statutory powers; including powers to

3

preserve and conserve Freddie Mac's assets and property, to operate Freddie Mac, to perform all of Freddie Mac's functions in Freddie Mac's name, and to collect all obligations and money due to Freddie Mac. 12 U.S.C. §4617(b)(2)(B)(i)-(iv). HERA further provides that no property of Freddie Mac's conservatorship estate, including any secured lien that may be affected by the procedures herein "shall be subject to levy, attachment, garnishment, foreclosure, or sale without" FHFA's affirmative consent, "nor shall any involuntary lien attach to the property of [FHFA]." See 4617(j)(3). Finally, Congress also mandated that "no court may take any action to restrain or affect the exercise of [FHFA's] powers or functions…as conservator." 12 U.S.C. §4617(f). FHFA has represented to Freddie Mac that it does not object to this forfeiture proceeding of the Property, provided Freddie Mac's lien interest is deemed a first priority and its loan is paid in full out of sale proceeds prior to any other lien or cost, including expenses associated with the sale. However, FHFA and Freddie Mac reserve all rights, titles, powers, privileges and protections that may inure to their benefit under governing federal law.

11. Freddie Mac and SPS (on behalf of Freddie Mac) further reserve all rights and defenses related to Freddie Mac's and SPS's interest (on behalf of Freddie Mac), including that Freddie Mac's and SPS's legal right, title, and interest in the Real Estate was vested in Freddie Mac and SPS (on behalf of Freddie Mac)

4

rather than Defendant William Smith, that Freddie Mac's and SPS's legal right, title, and interest in the Real Estate was superior to any right, title, or interest of Defendant William Smith at the time of the commission of the acts which gave rise to the forfeiture of the Real Estate, and that Freddie Mac and SPS (on behalf of Freddie Mac) are bona fide purchasers for value of the right, title, and interest in the Real Estate and at the time of purchase Freddie Mac and SPS were reasonably without cause to believe that the Real Estate was subject to forfeiture.

## RELIEF REQUESTED

WHEREFORE, Third-party Petitioners, Freddie Mac and SPS (on behalf of Freddie Mac), pray that this Court enter an Order declaring that Freddie Mac's and SPS's third-party interest in the Real Estate is valid and not extinguished by the forfeiture proceedings, and any sale proceeds of the Real Estate should be distributed first to SPS on behalf of SPS to satisfy Freddie Mac's and SPS's lien. In the alternative, Freddie Mac and SPS request a hearing to adjudicate the validity of the interest in the Real Estate.

Date: October 24, 2025                    Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Dawn N. Williams*
     Dawn N. Williams (P72399)
     201 Townsend Street, Suite 900
     Lansing, MI 48933
     (616) 776-7518
     dwilliams@dykema.com

*Attorneys for Federal Home Loan Mortgage Corporation and Select Portfolio Servicing, Inc.*

6

# V E R I F I C A T I O N

I, Patrick Pittman, have reviewed the foregoing THIRD-PARTY PETITION ASSERTING INTEREST IN FORFEITED PROPERTY and know its contents.

I am authorized to make this verification for and on behalf of Select Portfolio Servicing, Inc. and Federal Home Loan Mortgage Corporation.

I declare state under penalty of perjury that the foregoing THIRD-PARTY PETITION ASSERTING INTEREST IN FORFEITED PROPERTY is true and correct.

Dated: October 23, 2025

_____
By:   Patrick Pittman
Title: Authorized Agent

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2025, I mailed the foregoing document

by First-Class U.S. Mail, with postage fully prepaid to:

> United States District Court
> Clerk of the Court
> Eastern District of Michigan
> 231 W. Lafayette
> Detroit, Michigan 48226

> United States Attorney
> Attn: K. Craig Welkener
> 211 W. Fort Street, Suite 2001
> Detroit, MI 48226-3211

Dated:  October 24, 2025      **DYKEMA GOSSETT PLLC**

By: *<u>/s/ Dawn N. Williams</u>*
    Dawn N. Williams (P72399)
    *Attorneys for Federal Home Loan*
    *Mortgage Corporation and Select*
    *Portfolio Servicing, Inc.*

8